# OFFICE OF
# THE ATTORNEY GENERAL



Gerald C. Mann

May 5, 1939

Honorable Ross Hardin
Chairman of Committee on Counties
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-735
Re: Constitutionality of House
Bill No. 1045

Your request for an opinion regarding the constitutionality of House Bill No. 1045 has been received by this office.

House Bill No. 1045 would give the Commissioners' Courts authority to fix the salary of the county judge, tax assessor-collector, county clerk, district clerk, sheriff, and criminal district attorney in all counties of this State having a population of not less than thirty thousand nine hundred (30,900) nor more than thirty-one thousand (31,000) according to the last preceding Federal Census; prescribing the minimum salary; fixing effective date; repealing all laws and parts of laws in conflict therewith to the extent of the conflict only.

House Bill No. 1045 by its terms provide that the Commissioners' Courts in all counties having the population of not less than thirty thousand nine hundred (30,900) nor more than thirty-one thousand (31,000) inhabitants according to the last preceding Federal Census are authorized to fix the salaries of the officials named therein at a sum not less than One Hundred and Sixty-seven ($167.00) Dollars per month, in the determination of such salary the court would consider the fees received by such office during the preceding fiscal year, the expenses of that office during the same period, and the relative duties incumbent on such officer; and would in their discretion affix to such office such compensation as they deem just and necessary for the services rendered within the limitations therein provided.

According to the last preceding Federal Census, Red River County had a population of 30,923 inhabitants, thus falling within the terms of this bill. Red River County is the only county in the state which, according to the last Federal Census, had a population within the limits specified in the bill.

Section 56, Article 3 of the State Constitution reads in part as follows:

Hon. Ross Hardin, May 4, 1939, Page 2

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special laws, authorizing .......... regulating the affairs of counties, cities, towns, wards, or school districts; .......... and in all other cases where a general law can be made applicable, no local or special laws shall be enacted; provided, that nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of game and fish of this State in certain localities."

The case, City of Fort Worth v. Bobbitt, 36 S. W. (2) 470, holds among other things, that:

"An Act applicable to counties having a population of from 35,190 to 35,200 was evasive and special, citing Hixson v. Burson, 54 C. 470; Owen County Commissioners v. Spangler, 159 Ind. 575, and that an act authorizing bonds for cities having between 106,000 and 110,000 inhabitants by the 1920 census being applicable only to one city held local law was an unconstitutional provision." Constitution Article 3, Section 56.

The case, Bexar County v. Tynan, et al, 97 S. W. (2) 567, holds in effect, that:

"Courts in determining whether law is public, general, special or local will look to its substance and practical operation rather than to its title, form or phraseology since otherwise prohibition and fundamental law against special legislation would be nugatory. The Legislature may classify counties on basis of population for purpose of fixing compensation of county and precinct officers but classification must be based on wealth distinction and must not be arbitrary device to give what is, in substance, a local or special law the form of a general law. Acts reducing salaries of officers in counties of 290,000 and less than 310,000 population held unreasonable and arbitrary in its classification and void as a special law."

In the case of Gray v. Taylor, 227 U. S. 51, the Supreme Court of the United States defined a local law as:

"The phrase local law means primarily, at least, a law in fact, if not in form, is directed only to a specific spot."

We think that whether the act or bill in question

is to be regarded as special and whether its operations would be uniform throughout the State depends upon whether the population affords a fair basis for the classification of counties with reference to matters to which it relates and whether the result it would accomplish is in fact a real classification upon that basis and not a designation of a single county to which alone it would apply under the guise of such classification. The bill in question was so drawn that it is general in form but only applies at this time to Red River County and probably would never apply to another county. We believe that a county can be designated by description just as effectively as it can be named and that the application of this bill is so inflexibly fixed as to prevent it ever being applicable to other counties.

Articles 3883 and 3891, Revised Civil Statutes, provide generally that the officers named in Article 3883, which are the same officers named in House Bill 1045, may retain a maximum salary of not more than Thirty-five Hundred ($3500) Dollars per year in counties containing as many twenty-five thousand and one (25,001) and not more than thirty-seven thousand and five hundred (37,500) inhabitants in which there is no city containing 25,000 inhabitants.

Article 3912-e, Section 13, provides:

"The Commissioners' Court in counties having a population of 20,000 inhabitants or more, and less than 190,000 inhabitants according to the last preceding Federal Census, is hereby authorized that it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorney and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officers under laws existing on August 24, 1935."

The above mentioned statutes are the general laws which can be made applicable to Red River County, and the Constitution prohibits the passage of any local or special laws regulating the affairs of counties, cities, towns, wards

Hon. Ross Hardin, May 5, 1939, Page 4

or school districts, and all other cases where the general laws can be made applicable.

You are respectfully advised that it is the opinion of this department that House Bill No. 1045 would be a special law and, therefore, would be unconstitutional and void.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Assistant

AW:FL:jrb

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS